NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-215

H.A.

vs.

S.A.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff filed a complaint for an abuse prevention order under G. L. c. 209A, alleging that the defendant, her brother, placed her in fear of imminent serious physical harm. A temporary order issued ex parte, but, after a two-party hearing, a District Court judge concluded that the plaintiff had failed to prove that she was suffering from abuse within the meaning of c. 209A. The judge thus declined to extend the temporary order and ordered that it be vacated. The plaintiff appeals.

The plaintiff's testimony, in summary, was as follows. In December 2014 the plaintiff obtained a c. 209A order against the defendant, following an incident in which he pushed her and put his hands around her neck. The plaintiff did not seek an extension of that order when it expired in December 2015, and

she then had no contact with the defendant until the summer of 2022 when their mother became ill.  Thereafter, the defendant was "aggressive" toward the plaintiff when they encountered each other at their mother's house.  On one occasion the defendant "[s]cream[ed]" at the plaintiff while she was at their mother's bedside, telling her that she had "no medical knowledge" and "no right to decide anything for . . . mom."  The defendant would also "[g]lare" at the plaintiff, "shut the door on [her]" when she rang the doorbell, and "had cameras to record [her]."  The plaintiff eventually decided to apply for a c. 209A order after she saw a car that she believed was the defendant's drive up to the driveway of her house.[1]

While crediting the plaintiff's testimony about "the disdain with which [the defendant] regards his sister," the judge concluded that that testimony did not "meet the standard for the issuance of a [c. 209A] order."  We discern neither an abuse of discretion nor an error of law in the judge's ruling.  See Vanna V. v. Tanner T., 102 Mass. App. Ct. 549, 552 (2023) (appellate review of judge's decision whether to grant c. 209A order is for abuse of discretion or other error of law).  It was the plaintiff's burden to prove that she was in fear of imminent serious physical harm and that her fear was reasonable.  See id.

---

[1] On appeal the plaintiff concedes that the defendant presented evidence proving that the car was not in fact his.

2

The plaintiff acknowledged at the hearing that she had no contact with the defendant for over six years after the prior c. 209A order expired in 2015, and that the defendant did not physically harm or threaten to harm her in any way once they reestablished contact in 2022. Although the plaintiff testified that she feared imminent physical harm because of the defendant's general aggressiveness towards her, the judge permissibly found that, when viewed objectively, the plaintiff's fear did not rise to the level necessary to justify the issuance of a c. 209A order. See Carroll v. Kartell, 56 Mass. App. Ct. 83, 86-87 (2002). Indeed, the plaintiff does not argue otherwise on appeal.

Instead, the plaintiff argues that the judge applied the wrong legal standard by requiring her to prove that her fear of imminent physical harm was reasonable. According to the plaintiff, the reasonableness requirement applies only to claims predicated on the second definition of "abuse" in G. L. c. 209A, § 1, namely, "placing another in fear of imminent serious physical harm." The plaintiff maintains that, because she suffered actual physical harm in 2014, her claim falls under the first definition of "abuse" in G. L. c. 209A, § 1 -- "attempting to cause or causing physical harm" -- and that the appropriate standard is therefore whether she has a "continued need for [a c. 209A] order to protect [her] from the impact of the violence

3

already inflicted."  Callahan v. Callahan, 85 Mass. App. Ct. 369, 374 (2014).

We reject the plaintiff's argument for two reasons.  First, the plaintiff did not preserve the argument in the trial court.  The complaint alleged that the plaintiff was suffering abuse because the defendant "placed [her] in fear of imminent serious physical harm."  Likewise, the plaintiff's attorney argued at the hearing that a c. 209A order should issue because the plaintiff was "in reasonable fear of imminent serious physical[] injury."  Thus, by not raising it to the judge, the plaintiff waived her claim that a c. 209A order was warranted to protect her from the impact of past abuse, even if she could not prove that her fear was objectively reasonable.  See Wilhelmina W. v. Uri U., 102 Mass. App. Ct. 634, 641 (2023) (arguments not raised to judge are waived); Vanna V., 102 Mass. App. Ct. at 552 n.2 ("Because the plaintiff sought relief under the 'fear of imminent serious physical harm' definition of abuse under G. L. c. 209A, § 1, we do not address the alternative definitions").

Second, even putting aside waiver, the plaintiff is incorrect that the relevant inquiry is whether she has a "continued need" for a c. 209A order.  "Continued need" is the standard that applies at a hearing to extend an initial order issued after a two-party hearing.  See Iamele v. Asselin, 444

4

Mass. 734, 739 (2005); Callahan, 85 Mass. App. Ct. at 374.[2]

Here, the plaintiff did not seek to extend the c. 209A order that she obtained in 2014, and several years had passed by the time she brought her current complaint in 2022. In this circumstance, while the past abuse is certainly relevant to evaluating the totality of the parties' relationship, the plaintiff still had the burden of proving that her fear of imminent serious physical harm was reasonable. See Vanna V., 102 Mass. App. Ct. at 554-555. As we have explained, the judge did not abuse her discretion in concluding that the plaintiff failed to meet that burden.

<div style="margin-left:50%">

Order dated November 9, 2022, vacating temporary G. L. c. 209A order affirmed.

By the Court (Shin, Brennan & Hodgens, JJ.[3]),

*Joseph F. Stanton*

Clerk

</div>

Entered: October 31, 2023.

---

[2] Even then, and contrary to the plaintiff's suggestion, extension of a c. 209A order predicated on actual physical abuse is not automatic. Rather, the judge must consider "the totality of the conditions that exist at the time that the plaintiff seeks the extension, viewed in the light of the initial [c. 209A] order," in determining "the risk of harm to the plaintiff should the order expire." Callahan, 85 Mass. App. Ct. at 374, quoting Iamele, 444 Mass. at 740.

[3] The panelists are listed in order of seniority.